IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                           CRIMINAL NO. 1:03cr93WJG-4

NIKIA DONYELLA BURTS

MEMORANDUM OPINION

This cause is before the Court on Nikia Donyella Burts' motion for return of seized property [100-1] pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure or alternatively, this Court's original jurisdiction under 28 U.S.C. § 1331.  Because the criminal proceedings against Burts were concluded at the time he filed the instant motion, the Court will treat this matter as a civil action pursuant to 28 U.S.C. § 1331, seeking the return of property. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On November 6, 2003, pursuant to a verbal consent to search, Federal Bureau of Investigation [FBI] agents seized from Burts' truck (1) $43,770.00 in currency, (2) a Mississippi Power Company bill, (3) an Enterprise rental agreement and (4) the vehicle's Alabama title.  On or about February 10, 2004, Burts pleaded guilty to one count of the indictment and was sentenced on June 14, 2004.  The Court entered its Judgment of conviction on June 30, 2004, ending the criminal proceedings against Burts.  Burts now seeks the return of the $43,770.00 seized by the FBI.

In accordance with statutory authority, the FBI executed a Declaration of Administrative Forfeiture against the property on December 14, 2004. (Ct. R., Doc. 102, Exh. F.) Burts alleges that he did not receive any notices of forfeiture regarding the property. The notice provisions applicable to the instant case are set out in 19 U.S.C. § 1607(a) and require that prior to forfeiture of amounts below $500,000 the United States must (1) "cause a notice of the seizure of [the property] and the intention to forfeit . . . the same . . to be published for at least three successive weeks [in a newspaper of general circulation];" and (2) send "[w]ritten notice of seizure, together with information on the applicable procedures . . . to each party who appears to have an interest in the seized [property]." *United States v. Robinson*, 78 F.3d 172, 175 (5th Cir. 1996).

The Declaration of Administrative Forfeiture states that:

> Notice of this action was sent to all know parties, by certified mail, who may have a legal or possessory interest in the property. Notice of this action was published once a week for three consecutive weeks in the Wall Street Journal, New York, NY, in accordance with 19 U.S.C. Section 1607.

(Ct. R., Doc. 102, Exh. F.) The dates of publication were July 2, July 9 and July 16, 2004. (Ct. R., Doc. 102, p. 3. Additionally, in November 2003, notices were mailed to Burts at four different addresses. (Ct. R., Doc. 102, Exhs. A - D.) One of these notices was mailed to and accepted by the Harrison County Jail in Gulfport, Mississippi, where Burts was incarcerated. (Ct. R., Doc. 102, Exh. D.) Another notice was mailed to and received by Burts' attorney, Calvin Taylor, in Pascagoula, Mississippi. (Ct. R., Doc. 102, Exh. C.) On December 12, 2003, Mr. Taylor mailed a letter to the FBI which stated:

> Thank you for sending me the information relative to the cash seized from a 2004 Chevrolet Silverado in Jackson County, Mississippi. Upon speaking with my client, Nikia D. Burts, he advises me he had no knowledge of the cash sum in the truck and therefore does not claim any interest in same.

(Ct. R., Doc. 102, Exh. E.)  Based on the foregoing, the Court finds that Burts received proper notice of the forfeiture, and his action for the return of property should be denied.

For the reasons stated herein, this Court finds that Burts' motion for recovery of seized property should be denied.  A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS the 30th day of March, 2006.

                                           *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE