IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v.  § | Criminal No. 1:03cr93-HSO-4 |
| § § § | |
| NIKIA DONYELLA BURTS § | |

ORDER DENYING DEFENDANT NIKIA DONYELLA BURTS'
MOTION [136] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Nikia Donyella Burts' Motion [136] for Compassionate Release.  For the reasons that follow, the Motion [136] should be denied.

I. BACKGROUND

A. Burts' convictions and sentences in this Court

Pursuant to a Memorandum of Understanding with the Government, on February 10, 2004, Defendant Nikia Donyella Burts ("Defendant" or "Burts") pleaded guilty to a single-count Indictment in this case.  Count 1 charged that Burts and his co-Defendants conspired to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *See* PSR [79] at 1, 3 (filed under seal).  Count 1 carried a minimum term of imprisonment of five years and a maximum one of forty years.  *See id.*

To assist the Court with sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See id.* Because the amount of cocaine hydrochloride attributed to Burts was between 3.5 and 5.0 kilograms, the base offense level under the United States Sentencing Guidelines ("U.S.S.G.") was 30. *See id.* at 7 (citing U.S.S.G. § 2D1.1 (2003)). With a three-level reduction for acceptance of responsibility, Burts' total offense level was 27, *see id.*, and with a total of 11 criminal history points, Defendant was in a criminal history category of V, *see id.* at 9, making his Guidelines imprisonment range 120 to 150 months, *see id.* at 13. On June 30, 2004, the Court sentenced Burts to a 125-month term of imprisonment, followed by four years of supervised release. *See* J. [77].

Once Burts was released from imprisonment and was serving his term of supervised release, he was again accused of conspiracy to possess with intent to distribute a controlled substance. *See United States v. Burts*, No. 1:12cr108-HSO-JMR, Cr. Compl. [1] at 1 (S.D. Miss. Nov. 29, 2012). This resulted in the institution of a new criminal case (the "Second Case"), *see id.*, as well as a revocation proceeding in the present, the original criminal case (the "Original Case").

In the Second Case, a two-count Indictment was returned, charging Burts with: (1) conspiring to possess with intent to distribute more than 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride; and (2) attempting to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine

hydrochloride, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Burts*, No. 1:12cr108-HSO-JMR, Indict. [25] at 1 (S.D. Miss. Dec. 12, 2012).

In the revocation proceeding in this case, on January 8, 2013, Burts admitted to violating a mandatory condition of supervised release. *See* J. [128] at 1. The Court revoked Burts' supervised release and sentenced him to a term of imprisonment of 24 months and a term of supervised release of 36 months.

On February 20, 2013, Burts pled guilty in the Second Case to Count 1 of the Indictment. *See United States v. Burts*, No 1:12cr108-HSO-JMR, Min. Entry (S.D. Miss. Feb. 20, 2013). The PSR prepared for sentencing in that case reflects that the base offense level was 32, but an enhancement was applied pursuant to U.S.S.G. § 4B1.1(b)(2) (2012) because Burts was determined to be a career offender, increasing his offense level to 34. *See United States v. Burts*, No. 1:12cr108-HSO-JMR, PSR [79] at 11 (S.D. Miss. June 5, 2013) (filed under seal). With a three-level decrease for acceptance of responsibility, his total offense level was 31. *See id.* A total criminal history score of 12 would have normally placed Burts in a criminal history category of V, but because he met the criteria for a career offender, Burts' criminal history category became VI. *See id.* at 14.

With a total offense level of 31 and a criminal history category of VI, the Guidelines imprisonment range was 188 to 235 months. *See id.* at 18. The Court sentenced Burts in the Second Case to a 170-month term of imprisonment to run consecutively with the sentence imposed for the revocation in this Original Case. *See United States v. Burts*, No. 1:12cr108-HSO-JMR, J. [81] (S.D. Miss. June 5,

2013). And with the 24 months of imprisonment imposed on the revocation, Burts is serving a total 194-month sentence of incarceration from both cases. *See id.*

Burts, who is now 47 years old, is presently incarcerated at Federal Correctional Institution ("FCI") Pollock in Pollock, Louisiana. *See* Mot. [136] at 2. With a projected release date is February 3, 2027, Burts has served over 70% of his total 194-month sentence. *See* Reply [146] at 2; Ex. [146-4] at 1.

B.  <u>Burts' Motion filed in this case</u>

On January 17, 2023, Burts filed a pro se Motion [136] for Compassionate Release in this Original Case pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Mot. [136] at 1. Burts bases his Motion [136] on four "factors in combination" that he claims constitute extraordinary and compelling reasons to reduce his sentence to time-served:

> 1.) the change in judicial law which has created a significant sentencing disparity between an[ ] earlier sentence and one he would receive today; 2.) the amount of time he has already served; 3.) the age he is now; and 4.) his post sentence rehabilitation & conduct.

*Id.* Burts argues that, had he been sentenced today, he would not have received a career offender enhancement in light of subsequent controlling caselaw. *See id.* at 3 (citing *Mathis v. United States*, 579 U.S. 500 (2016); *United States v. Tanksley*, 848 F.3d 347, 349-52 (5th Cir.), *suppl.*, 854 F.3d 284 (5th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569, 572-77 (5th Cir. 2016)).

The Government opposes Burts' Motion [136], arguing that Burts has purportedly failed to exhaust administrative remedies. *See* Resp. [141] at 4. On the merits, the Government takes the position that the Motion should be denied

4

because Burts has not presented any extraordinary and compelling reasons warranting a sentence reduction and because the 18 U.S.C. § 3553(a) factors weigh against his release. *See id.* at 2-5. Specifically, the Government argues that Burts' argument concerning the career offender enhancement does not assert a cognizable claim under 18 U.S.C. § 3582(c)(1)(A) because he "cannot use a motion for compassionate release to challenge the legality or the duration of his sentence." *Id.* at 3.

Burts has filed a Reply [146] through counsel arguing that he properly exhausted administrative remedies because he filed a formal request for compassionate release with his facility on November 27, 2022, and more than 30 days elapsed before Burts filed his Motion. *See* Reply [146] at 4. On the merits, Burts argues that "[a] sentence reduction created by law after a defendant has been sentenced, but which is not made retroactive to that defendant's sentence, can serve as extraordinary and compelling reasons justifying a sentence reduction under § 3582." *Id.* at 6 (citing *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021)).

In light of Burts' position that one of his two prior convictions used to determine that he was a career offender may no longer serve as a predicate for an enhancement under U.S.S.G. § 4B1.2, he posits that "if he had not been sentenced under the career offender provision his sentence would have been a minimum of 6 years less than the sentence imposed," and "[s]ince his release date is only 4 years away, it seems he would be released by now had he not been sentenced as a career offender." *Id.* at 8. Burts' collateral attacks on his sentences have failed, but he

5

states that the current Motion "is not an attack on the legality of his sentence." *Id.* at 8. Burts also insists that the § 3553 factors weigh in favor of his compassionate release, citing his commission of only nonviolent offenses, his acceptance of responsibility, his rehabilitation, education, and "self-improvement during his incarceration," and certain United States Sentencing Commission data concerning recidivism. *See id.* at 9-11. Burts represents that if his Motion is granted, he has a "good release plan," residing with his grandmother and having a job awaiting him. *Id.* at 11.

## II. DISCUSSION

A. Relevant legal authority

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate

release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

The commentary to U.S.S.G. § 1B1.13 does not bind a court, but it "may inform the district court's analysis" on the merits of a compassionate release request. *Id.* at 1090 (quotation omitted); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)).

B.   Analysis

The parties dispute whether Burts has properly exhausted his administrative remedies prior to bringing his current Motion [136].[1] Even if he did, however, the Court finds that the Motion [136] is not well taken and should be denied on the merits.

Initially, the Court notes that the sentence Burts is serving as a result of the Judgment [128] for Revocation of Supervised Release in this case is 24 months. *See* J. [128] at 2.  With an estimated release date of February 3, 2027, Burts still has

---

[1] Burts asserts that a 30-day lapse occurred between his request for release to his Warden and the date that he filed his Motion for Compassionate Release. *See* Mot. [136] at 2; Reply [146] at 4.  The Government maintains that letter from the Acting Warden denied Burts' request for compassionate release "within 30 days of his submission." Resp. [141] at 4. However, the record reflects that the Warden received Burts' request for compassionate release on November 27, 2022, and the Warden's response denying the request was dated December 28, 2022, 31 days later.  *See* Ex. [136-1] at 1.

more than 46 months of incarceration remaining. *See* Ex. [146-4] at 1. Even if the Court completely nullified his entire 24-month revocation sentence in this case, it is unclear how Burts could obtain release from incarceration based upon any action the Court took in this case. *See id.*; Mot. [136].

Moreover, the career offender enhancement about which Burts complains was imposed not in this case, but in the Second Case. *See, e.g.,* Order [134] at 1-2 (denying Burts' Motion [132] to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 because it "concern[ed] the career offender enhancement assigned to Burts' sentence in Criminal No. 1:12cr108-HSO-JMR-2 and has no applicability to Burts' 2004 sentence in this case"). Neither Burts nor the Government has addressed this issue, but Burts' arguments on that point are not well taken or relevant to this case, because there was no career offender enhancement applied. *See, e.g., id.*

As for the remaining "factors" upon which Burts relies, including the amount of time he has already served, his age, and his post-sentence rehabilitation and conduct, the Court finds that they do not constitute extraordinary and compelling reasons warranting release under § 3582(c)(1)(A), either alone or in combination. *See* Mot. [136] at 1.

First, Burts' age alone is not an extraordinary and compelling reason for compassionate release. Section 3582(c)(1)(A)(ii) permits a court to reduce a term of imprisonment for a defendant at least 70 years of age, subject to other requirements. *See* 18 U.S.C. § 3582(c)(1)(A)(ii). At age 47, Burts does not meet this

criterion. *See id*. Although the commentary to U.S.S.G. § 1B1.13 is not binding on the Court, it is noteworthy that it considers an extraordinary and compelling reason to exist when a defendant is at least 65 years old, has a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment, whichever is less. *See* U.S.S.G. § 1B1.13 app. n. 1(B). Burts is not yet 65, and there is no indication that he has suffered any deterioration of his health due to the aging process. *See id*. Burts' age alone does not justify compassionate release.

To the extent Burts relies upon his age coupled with the other "factors" he has identified, relief is still not warranted. Burts was approximately 28 when he committed the conspiracy crime charge in this case. *See* PSR [79] at 2 (filed under seal). Even at that relatively young age, Burts had already incurred four adult criminal convictions, was still on parole for one conviction, and committed this offense less than two years following his release for a prior crime. *See id.* at 8-9. Burts was revoked from his supervised release in this case due to committing yet another crime of the same nature after he had been released from incarceration. While it is commendable that Burts has pursued educational and rehabilitation opportunities during his latest incarceration, the Court does not find that these undertakings warrant release or a reduction in sentence given his prior history. Moreover, while Burts' underlying convictions have been nonviolent, he has engaged in some conduct while incarcerated for which discipline has been imposed, including "fighting with another person" in December 2020. Ex. [136-1] at 8

(emphasis removed).  The Court finds no extraordinary and compelling reasons warranting Burts' release.  See 18 U.S.C. § 3582(c)(1)(A).

Based upon many of these same facts and the current record, the Court is not persuaded that the § 3553(a) factors weigh in favor of Burts' release.  These factors include the nature and circumstances of the offenses of conviction and the history and characteristics of the Defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the Defendant.  See 18 U.S.C. § 3553(a).

In sum, Burts has not shown that any "extraordinary and compelling reasons" warrant such reduction of his sentence in this case.  18 U.S.C. § 3582(c)(1)(A)(i).  Nor do the § 3553 factors counsel in favor of any relief.  His Motion [136] for Compassionate Release is not well taken and should be denied on the merits.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Nikia Donyella Burts' Motion [136] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE